**FILED**

09/29/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: AC 17-0694

IN THE ASBESTOS CLAIMS COURT OF THE STATE OF MONTANA

| | |
|---|---|
| IN RE ASBESTOS LITIGATION,<br><br>*Consolidated Cases* | Cause No. AC 17-0694<br><br>ORDER APPROVING SETTLEMENT<br>(Robinson Insulation Receivership) |

Receiver Nancy Gibson and Allan McGarvey on behalf of certain Libby Plaintiffs have jointly filed a motion (the "Motion") asking this Court to authorize the Receiver's settlement of the insurance coverage claims by Robinson Insulation Company against Home Insurance Company (in liquidation), including liability coverage of the claims against Robinson Insulation Company and Grogan Robinson Lumber Company (herein, collectively "Robinson"). A copy of the Settlement Agreement and Mutual Release (herein "Agreement ") between the Receiver and Christopher R. Nicolopoulos, Insurance Commissioner of the State of New Hampshire, solely in his capacity as Liquidator ("Liquidator") of The Home Insurance Company ("Home") has been reviewed by this Court.[1]

The court has reviewed the following documentation and makes these findings based thereon:

(a) Exhibit A is a copy of the Agreement settling liability coverages in the policies.

(b) Exhibit B are the orders of the Superior Court of the State of New Hampshire, Merrimack County establishing the procedures and priorities of claims in the Home Insurance Company liquidation proceeding.

The court concludes as follows:

(A)     This Court's March 23, 2018, Order (the "Order") creating the receivership granted authority for the Receiver to make demands that the insurers settle claims against Robinson (Order ¶1(c)). The Order, at Order ¶2 (a),(b) requires that the Receiver obtain this Court's approval of "specific proposals" for settlement.

---

[1]     Unless defined separately herein, all capitalized terms in this Order have the meanings ascribed to them in the Agreement.

(B)     The proposed settlement entered into by the Receiver and the Liquidator is appropriately made subject to this Court's approval.

(C)     The settlement is in the best interests of the receivership estates of Robinson Insulation Company and Grogan Robinson Lumber Company because it effectively exhausts the recoverable value of the Home Insurance policies covering liability claims against the two dissolved companies.

(D)     The Agreement allows the Receiver to liquidate Robinson's insurance coverage under the Home policies for distribution to persons asserting claims against Robinson, subject to the establishment of a Trust that would, once approved by this Court, fairly and equitably distribute the insurance settlement proceeds to those claimants against Robinson who satisfy the Trust's requirements.

(E)     The Agreement provides, at paragraph 3.A, that Proofs of Claim be allowed in the amount of $1,412,291 (the "Recommended Amount") as a Class II priority claim under N.H. RSA 402-C:44.

(F)     The Receiver has demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion.

(H)     The execution of the Agreement is a valid and proper exercise of the reasonable business judgment of the Receiver and represents an exchange for reasonably equivalent value. The releases to be given by the Receiver under the Agreement are appropriate and should be approved, as the Liquidator could not agree to the resolution of the Receiver's claim in the liquidation proceeding without the benefit of obtaining the releases contained in the Agreement and the Injunctions contained in this Order.

(I)     This court has inherent equitable authority sufficient to permit it to enter the Injunctions contained in this Order. The Injunctions are essential to give effect to the settlements and compromises set forth in the Agreement. The Liquidator has asserted that the Injunctions, set forth in Paragraphs 4 and 5 below, are a necessary prerequisite for entry into the Settlement Agreement, and the Liquidator has informed the Receiver that he will not consummate the settlement and compromises set forth in the Agreement, or make the payments thereunder in the absence of the Injunction.

Wherefore, IT IS HEREBY ORDERED:

(1)     The Motion is granted.

(2) The Agreement settling and releasing the insurance coverage claims of Nancy Gibson, as court-appointed Receiver for Robinson Insulation Company and Grogan Robinson Lumber Company, against Home Insurance Company and the Liquidator is hereby fully and finally approved. The Receiver is directed to execute the Agreement on behalf of both Robinson Insulation Company and Grogan Robinson Lumber Company.

(3) Settlement proceeds shall be paid to the Qualified Settlement Fund Trust established by this Court to hold proceeds of liability insurance proceeds until such time as this Court approves the establishment of a appropriate procedures for the Trust to distribute the settlement proceeds to Asbestos Claimants.

(4) Pursuant to the Court's inherent equitable authority, (a) all Persons who hold or assert, or may in the future hold or assert, any Claim against Robinson, Grogan, or the Receiver arising in connection with the activities covered by the Policies, or in connection with the activities of Robinson or Grogan giving rise to the Claims that have been made or that could be made under the Policies, (b) all claims by third party claimants and by other insurers alleging they are entitled to contribution, indemnification, or subrogation with respect to the Policies including any claims for defense or indemnity for claims made under the Policies against the Liquidator or Home by other insurers of Claimant, or by any individuals or entities asserting "direct action" claims arising or relating to the Policies; and (c) all persons who may claim to be an insured, additional insured, or otherwise entitled to any benefit under the Policies, are permanently stayed, barred, restrained, and enjoined from asserting any such Claim or right to entitlement, from commencing a proceeding, or taking any other action against Home or the Liquidator for the purpose of obtaining any recovery or other relief from Home or the Liquidator based on, under, arising out of, related or attributable to, and/or in connection with the Policies.